UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,         Case No. 19-20216-5
                                     HON. VICTORIA A. ROBERTS

v.

CURTIS WOOD,

          Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR BOND [ECF No. 145]**

## I.    INTRODUCTION

Curtis Wood ("Wood") filed a Motion for Bond. Oral argument was heard on May 5, 2020. Mr. Wood waived his appearance.

Because the Government proves by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, the Court **DENIES** his Motion.

## II.    FACTUAL BACKGROUND

The Government charged Wood in a multi-defendant Superseding Indictment with: (i) Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846; (ii) Conspiracy to

1

Possess Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(o); (iii) Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 846; and (iv) Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 846. The Government alleges that from approximately March 2016 through August 2017, Wood and his co-defendants ran a large-scale drug operation and conspired to possess firearms in furtherance of this drug trafficking scheme.

When the Government indicted Wood, he was on state parole for a life sentence. On July 12, 2019 Wood consented to detention before Magistrate Judge Elizabeth A. Stafford. The state parole detainer remains active.

## III. STANDARD OF REVIEW

It is the default position that the court release a defendant awaiting trial. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010). However, this position is modified "for certain, particularly dangerous defendants." *Id.* When there is probable cause that a defendant committed a crime of violence or a drug trafficking offense, there is a rebuttable presumption in favor of detention. *Id.* Because of the nature of Wood's charges, the rebuttable presumption applies. *See* 18 U.S.C. § 3142(e).

This presumption in favor of detention imposes a burden on Wood to produce evidence that he does not pose a danger to the community or a risk of flight. *Stone,* 608 F.3d at 945; *see also United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001). This is not a heavy burden, but Wood must produce "at least some evidence." *Id.* (citing *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991)).

Even if Wood satisfies his burden of production, the presumption remains a factor the Court must consider in addition to the factors set forth in § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Mercedes,* 254 F.3d at 436; 18 U.S.C. § 3142(g).

The presumption remains a factor because of Congress's judgment that some defendants should continue to be detained before a finding of guilt because of a likelihood they will continue to engage in criminal conduct despite attempts to impose bond conditions designed to deter criminal conduct. *Stone,* 608 F.3d at 945; *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986).

Ultimately, it is the Government's burden to prove by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community. *Id.*; 18 U.S.C. § 3142(e).

## IV. ANALYSIS

The Court must first consider whether Wood satisfies his burden of production of evidence to rebut the presumption that no condition or combination of conditions of release would reasonably assure (i) his appearance and (ii) the safety of the community. 18 U.S.C. § 3142(e)(3).

Risk of flight is not an issue. Wood even self-surrendered on these charges. Pretrial Services believes there are conditions that could be set to reasonably assure Wood's appearance. The Government presents no evidence to demonstrate Wood is a flight risk. However, there is disagreement as to whether Wood presents a danger to the community.

**A. Wood Satisfies His Burden of Production**

Wood's burden of production is "relatively light." *Stone,* 608 F.3d 939 at 947; *see also United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001)).

To satisfy his burden, Wood cites to his close family ties within Wayne County, Michigan; multiple letters from community members that attest to his: love for the community; community involvement; mild-mannered temperament; "positive attitude"; and "volunteer work performance."

In addition, Wood says he welcomes house arrest, GPS tether, or any other measures the Court deems necessary to assure the safety of the community. He says his daughter, who has no prior criminal record and lives alone, is available to serve as a third-party custodian. Wood says he would be isolated in her home and would comply with the no-contact order in place with respect to his co-defendants. He also says the state granted him bond when he faced a life sentence there.

The Government says Wood fails to rebut the presumption because he does not meaningfully address his role in this case and his criminal history. As a result, it says his argument is insufficient to show why his situation falls outside of the "congressional paradigm" that defendants charged with certain

offenses should be detained. *Stone,* 608 F.3d at 946 ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm'").

Wood's burden of production is relatively light. The Court finds he has satisfied his burden. *See Stone,* 608 F.3d at 947 (finding that while the defendants' evidence focused mainly on their potential risk of flight rather than a potential danger to the community, the evidence put forward was sufficient because the burden is relatively light). The burden now shifts to the Government to prove there are no conditions or combination of conditions to assure the safety of the community if Wood is released. To satisfy that burden, the Government relies on the four factors in 18 U.S.C. § 3142(g).

### a. Section 3142(g) Factors Weigh in Favor of Detention

The Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of dangerousness; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

### 1. Nature and Circumstances of the Offense

Wood acknowledges the seriousness of his charges, but says he is prepared to defend against them. He reminds the Court that he is presumed innocent until proven guilty and mentions a dispute he has with a search warrant execution in this case.

The Government cites the mandatory minimum attached to Wood's charges – evidence of Congress's view that the offenses are undeniably serious. It describes the allegations in more detail – that Wood's offense allegedly included the possession of firearms, using multiple homes to conduct a criminal enterprise, and moving kilograms of cocaine throughout the Detroit area.

This factor weighs in favor of detention. The nature and circumstances of Wood's charges are serious; it is evidenced by the statutory presumption of detention.

### 2. Weight of the Evidence of Dangerousness

The Court considers the weight of the evidence of dangerousness, not the weight of the evidence of guilt. *Stone,* 608 F.3d at 948 (citing *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985)). Wood says the Court must make an individualized inquiry into Wood's dangerousness, not based

upon guilt by association because of his co-defendants. The Court acknowledges its responsibility to individually assess Wood.

The Government says Wood's criminal history and his parolee status establish he is a danger to the community. At the time Wood allegedly engaged in the criminal conduct charged in the indictment, Wood was on state parole for manufacturing and delivery of narcotics. Pretrial Services concluded that Wood's risk of dangerousness was high. It cited to his criminal record – a misdemeanor conviction for assault and battery, and felony convictions including malicious destruction of a building and controlled substance delivery/manufacture.

This favor weighs in favor of detention. Wood does not sufficiently address this criminal history.

### 3. History and Characteristics and Nature and Seriousness of Danger Posed by Release

Wood briefly acknowledges his criminal history as a "well-distant" past. Perhaps well-distant because he was confined from 1998 until 2016 and was barely paroled before beginning again. Before that lengthy confinement, Wood's criminal history began in 1986. Wood suggests several conditions that Court could impose to assure the safety of the community – including a

tethered isolation at his daughter's home. Wood emphasizes his close family ties and community support. He says he poses no danger to the community.

The Government contends that Wood's daughter is not an appropriate third-party custodian, given that two of Wood's co-defendants are family members. Further, strong ties to the community cannot alone rebut a concern that Wood poses a danger to the community. Nor can conditions. The Government cites to *United States v. Mercedes,* 254 F.3d 433, 436-37 (2d Cir. 2001) and *United States v. Orena,* 986 F.2d 628, 632 (2d Cir. 1993). In both cases, the court found conditions similar to those suggested by Wood were insufficient to alleviate the danger posed to the community if it released the defendants – both who were charged with conspiracy and weapons allegations.

Wood's criminal past and pattern of criminal conduct weigh in favor of detention.

While Wood satisfies his burden of production, the Government satisfied its burden of persuasion and the Court finds that the factors set forth in § 3142(g) weigh in favor of detention.

## B. COVID-19 Does Not Warrant Wood's Release

Wood does not mention COVID-19 as a reason for release in his motion; only in his Reply to the Government's Response does Wood cite to § 3142(i) as an additional consideration for the Court to take into account in deciding whether to order his release.

Section 3142(i) permits temporary release "for the preparation of the person's defense or for another compelling reason." Wood relies on this statute to argue that the COVID-19 outbreak presents a compelling reason for the Court to release him pending trial. He argues generally that the risk of COVID-19 to prisoners is substantial given their inability to practice social distancing.

Pretrial Services reports that Wood is in excellent physical health and is not prescribed any medication. Nonetheless, Wood argues that he is at "high-risk" for contracting COVID-19. Wood does not tell the Court exactly how he is at a higher risk for infection. He mentions that he is 50 years old, and that he is a chronic smoker with respiratory issues. He provides no medical records. This alone does not place him in a high-risk category according to the Center for Disease Control ("CDC"). Based upon available information to date, individuals who are at higher risk for severe illness from

10

COVID-19 include people aged 65 years or older, people who live in a nursing home or a long-term care facility, and people of any age who have serious underlying health conditions. *See* CDC, People Who Are At Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 5, 2020). Wood fits into none of these categories.

Wood does not challenge the precautions the Government says Milan Detention Center – where he is housed – is taking to protect inmates. These precautions include new guidelines for detainees entering the facility and current detainees, onsite medical care, suspended visitation, increased sanitation efforts, and daily screenings for correction officers and staff.

Indeed, as of today, only 2 cases of COVID-19 have been reported at the Milan Detention Facility. This has been the statistic for weeks. Both inmates have recovered.

As the Government argues, Wood does not distinguish himself from other pretrial detainees who are currently in custody because of a judicial finding of danger to the community and lack of suitable conditions for release. Release under § 3142 must be balanced against the right of the community to be free of risk of danger if Wood is released from confinement.

While Section 3142(i) does not define "compelling reason," and the Sixth Circuit has yet to interpret this statutory language, the Court appreciates that the novel COVID-19 global pandemic could be a compelling reason for the release of certain prison inmates. And, the Court acknowledges the greater risk of infection posed to the incarcerated because inmates and staff have a reduced ability to practice the social distancing and quarantine recommendations of the CDC. The CDC noted that many detention conditions create a heightened risk of danger to detainees, including insufficient quarantine space, highly congregational environments, and low capacity for patient volume. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited May 5, 2020).

However, whether confined or not, all are at risk to contract COVID-19. At this moment, the Milan Detention Facility appears to be a safe one.

The Court must balance Wood's risk of infection while confined against the right of the community to be free from danger if Wood is released and fails to abide by conditions set out by the Court.

12

**V. CONCLUSION**

Wood presents sufficient evidence to rebut the presumption. But, after considering the presumption and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that Wood must be detained pending trial because the Government proves by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. His prior criminal history; that Wood faces a lengthy period of incarceration; that he allegedly participated in criminal activity while on parole; and that the criminal activity involves weapons, all persuade the Court to **DENY** Wood's motion, COVID-19 notwithstanding.

**IT IS ORDERED.**

Date: May 5, 2020

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge