UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 19-20216
                                    HON. VICTORIA A. ROBERTS

v.

CURTIS WOOD,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S SEALED RENEWED MOTION FOR BOND [ECF No. 174]

### I. INTRODUCTION

The issue before the Court is whether Curtis Wood ("Wood"): (1) presents new evidence sufficient to reopen his detention hearing; and (2) whether there is any condition or combination of conditions to assure the safety of the community. The Court held a hearing on August 14, 2020.

While Wood presents a qualified third-party custodian, the Court continues to have concerns about the risk of danger to the community if Wood is released.

This motion is **DENIED.**

### II. BACKGROUND

This is Wood's second motion for bond.

1

The Government charged Wood in a multi-defendant Superseding Indictment with: (i) Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846; (ii) Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(o); (iii) Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 846; and (iv) Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 846. The Government alleges that from approximately March 2016 through August 2017, Wood and his co-defendants ran a large-scale drug operation and conspired to possess firearms in furtherance of this drug trafficking scheme. The Government says Wood was a leader in this conspiracy with at least ten others working under him.

When the Government indicted Wood, he was on state parole for a life sentence. A state parole detainer was active. On July 12, 2019 Wood consented to detention before Magistrate Judge Elizabeth A. Stafford.

The Court denied Wood's first motion for bond after a hearing on May 5, 2020 because it found no condition or combination of conditions of release could reasonably assure the safety of the community.

That state parole detainer remains active. Wood says because the Michigan Department of Corrections ("MDOC") declined to take his similarly

situated co-defendant Jerome Bray ("Bray") into custody after this Court released Bray, it is a reasonable belief that MDOC will not take him into custody either if the Court grants him bond. He proffers this and a new potential third-party custodian as reasons why he does not present a danger to the community.

## III. STANDARD OF REVIEW

A detention hearing may be reopened if: (1) new information exists that was unknown to the movant at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. 18 U.S.C. § 3142(2)(B). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson,* 475 Fed. Appx. 598, 600 (6th Cir. 2012).

## IV. ANALYSIS

### a. Wood's Newly Proffered Third-Party Custodian

Wood says the Court should reopen his detention hearing and grant his motion for bond because he now provides an appropriate third-party

custodian – Mr. Ned Hargress ("Hargress"). Hargress is his "lifelong friend and mentor."

The Government says despite this newly proffered third-party custodian, it is not "new information" that is sufficient to reopen this detention hearing. It says this proffer does not change the Court's prior determination that Wood's criminal past and pattern of criminal conduct weigh in favor of detention.

A newly proffered third-party custodian could bear on whether the Court can satisfy itself concerning conditions of release that will reasonably assure the safety of the community.

But although Wood's motion focuses primarily on his new proposed third-party custodian, his lack of a suitable third-party custodian was not the sole basis for the Court denying his first motion for bond. The Court denied Wood's first motion for bond because of the seriousness of the offense; his criminal history; that he faces a lengthy period of incarceration; that he allegedly participated in criminal activity while on parole; and that the criminal activity involves weapons.

Hargress appears to be an upstanding citizen and good friend to Wood. He is the sole occupant of his home, owns no weapons, and has no criminal record. Hargress has a flexible work schedule which gives him the

opportunity to maintain oversight over Wood. Wood says Hargress has "the physical means to ensure complete compliance with the terms and conditions of bond." Wood does not explain what these "physical means" are.

Pretrial Services spoke with Hargress on August 12, 2020. Hargress confirmed to Pretrial Services that he has the ability and is willing to assist with Wood's release, including posting a surety bond or serving as a third-party custodian. Hargress told Pretrial Services he owns his residence; has been friends with Wood since approximately 1986; that he is willing to financially support Wood; and that there are no weapons in his home. Pretrial Services believes Hargress would be a suitable third-party custodian.

### b. 18 U.S.C. § 3142(g) Factors

Even though Hargress is a suitable third-party custodian, and Wood proposes other conditions, Pretrial Services still recommends detention. It does not believe there are conditions that can be imposed to mitigate the following risks of danger: (1) the nature of Wood's offense; (2) substance abuse history; (3) failure to comply with probation and parole; (4) criminal activity while under supervision; (5) pattern of similar criminal activity; and (6) criminal history.

In addition to a third-party custodian, Wood says he welcomes house arrest, GPS tether, or any additional measures the Court deems necessary. Wood also says upon release, he will be isolated and restricted to home confinement with no visitation; this will aid his compliance with the no-contact order regarding co-defendants.

The Government says Wood has supplied no new information that undercuts the Court's previous order. It says a third-party custodian, and conditions such as electronic surveillance and a tether, cannot guarantee the safety of the community. It cites to *United States v. Mercedes,* 254 F.3d 433 (2d. Cir. 2001) and *United States v. Orena,* 986 F.2d 628 (2d Cir. 1993). *United States v. Mercedes* involved defendants who were alleged to be involved in violent gang activity, and were arrested with loaded guns, fake police badges, and handcuffs. 254 F.3d at 437. Further, some of the defendants were severe flight risks. *Id.* In *United States v. Orena,* the defendants faced RICO charges based on predicate acts of murder, conspiracy to murder, loansharking, and illegal possessions of weapons. 986 F.2d at 628. The defendants were alleged to be involved in over twenty shootings and the injury and deaths of innocent bystanders. *Id.* at 632.

These cases are undeniably more egregious than Wood's situation; nonetheless, for reasons stated in its earlier order, the Court believes no

condition or combination of conditions will reasonably assure the safety of the community should it release Wood.

Wood says the Court should be mindful of the fact that it recently granted release to his co-defendant, Bray, who was also on parole and was formerly serving a life sentence for a state drug offense. He says Bray's criminal history exceeded his own and includes a weapons offense.

"[T]he dangerousness inquiry must be an individualized one." *United States v. Stone,* 608 F.3d 939, 946 (6th Cir. 2010). Wood downplays the fact that Pretrial Services recommended bond for Bray. That is not the case here. But defense counsel chalks that up to "the subjectivity that occurs with differing pretrial service agents," "not supported by an appreciable fact or substantive issue."

Defense counsel should not question the objectivity of the Court's Pretrial Services Agency without justified cause. Pretrial Services gave the Court its compared analysis of Wood and Bray. Both have multiple prior convictions, and both were previously serving life sentences for drug cases. However, there are key differences: (1) Bray is currently charged with one drug offense; Wood is charged with three drug counts and one count of using a firearm to further a drug crime; (2) Bray's familial ties do not include any co-defendants, unlike Wood; (3) Bray has verifiable employment history; and

(4) Wood is identified as a leader in the conduct alleged in the Superseding Indictment.

Importantly, Wood's long-time girlfriend Deviunda Morris is a co-defendant. Her bond was previously revoked after confidential informant phone calls between the two of them revealed Wood was attempting to traffic drugs through Morris while she was on bond and while Wood was in custody.

In addition to Pretrial Services' recommendation, Wood's Michigan Department of Corrections officer, Mary Forde, indicated Wood is both a flight risk and danger to the community because of his record, the chance he was given after being granted parole, and the fact that he appears to have resumed criminal activity almost immediately following his release. And it appears Wood may have lied to Pretrial Services – he told Pretrial Services he was employed as a truck driver; but according to the most recent parole violation, Wood indicated to Forde that he was not working as a truck driver because he could not leave the state of Michigan.

Because of the reasons stated in its earlier order and these, the Court believes there is no condition or combination of conditions that will reasonably assure the safety of the community should it release Wood. While his third-party custodian may be well intentioned, the Court does not have confidence that Wood is.

## V. CONCLUSION

The Court **DENIES** Wood's second motion for bond. His proffered third-party custodian does not allay the Court's concerns about the risk of danger to the community if Wood is released.

**ORDERED.**

Date: August 17, 2020         s/ Victoria A. Roberts
                              Victoria A. Roberts
                              United States District Court Judge