UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                               Case No. 19-20216
                                   Honorable Victoria A. Roberts

CURTIS WOOD,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO
## PRODUCE GRAND JURY TRANSCRIPTS [ECF No. 254]

## I.    INTRODUCTION

The government charges Curtis Wood ("Wood") with conspiracy to

possess with intent to distribute a controlled substance in violation of 21

U.S.C. § 846; conspiracy to possess a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. §§ 924(c) and (o); and two counts

of attempted possession of a controlled substance with intent to distribute,

in violation 21 U.S.C. § 846.

Before the Court is Wood's motion to produce grand jury transcripts.

For the reasons set forth below, the Court **DENIES** Wood's motion.

## II.    DISCUSSION

Wood says he requires the grand jury transcripts under Federal Rule

of Criminal Procedure 6(e)(3)(E)(ii).  This rule allows the Court to order

disclosure of grand jury testimony "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

The decision whether to disclose grand jury testimony or other material under Fed. R. Crim P. 6(e)(3)(E) is left to the discretion of the Court. *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982). However, that discretion is not absolute. *Id.* Disclosure is proper only if the party seeking disclosure shows a "compelling necessity" for breaking the "indispensable secrecy of grand jury proceedings." *Id.* (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-82 (1958)). To demonstrate a "compelling necessity," a party must show a "particularized need" for the disclosure of grand jury records. *Id*. (quoting *Procter & Gamble*, 356 U.S. at 683). Additionally, "a presumption of regularity . . . attaches to [grand jury] proceedings[,] and [a] defendant[] ha[s] a difficult burden to prove any irregularity." *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981).

Wood says "[t]he government offers no evidence in support of its allegation to support the indictment as to the firearm [charge]." "Thus," he says, "there is a 'particularized need' and 'compelling necessity' for production of the Grand Jury transcripts to show the lack of substance of

evidence relied upon for the support of the charges leveled against Defendant in the indictment." Wood says the grand jury transcripts will reveal "the failure of the government to establish probable cause to charge him with the[] firearm offense." Wood also claims that the government used a "drug courier profile" impermissibly to "bootstrap" the firearms charge against him.

Wood's argument for disclosure of grand jury records has two parts: (1) there is insufficient evidence to prove the firearm charge; and (2) because there is insufficient evidence to prove the firearm charge, the government must have presented improper evidence to the grand jury. Both arguments fail to satisfy the "particularized need" standard and fail to carry the "difficult burden" to prove an irregularity in the grand jury proceedings.

Wood's argument that there is insufficient evidence to prove the firearm offense does not provide a ground to dismiss the indictment. It is well-established that courts cannot evaluate the sufficiency of evidence in a pre-trial motion in a criminal case. *See United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based."); *United States v. Powell*, 823 F.2d 996, 1000-01 (6th Cir. 1987).

Wood's claim that the government improperly used a drug courier profile to "bootstrap" the firearms charge against him is unsubstantiated and fails to establish a "particular need" for grand jury proceedings. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) ("Mere 'unsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the 'particular need' required to outweigh the policy of grand jury secrecy.). Moreover, "[t]he validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay." *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982).

Wood fails to demonstrate that disclosure of the grand jury transcripts is warranted.

## III.    CONCLUSION

The Court **DENIES** Wood's motion to produce grand jury transcripts [ECF No. 254].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 6, 2021