UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 19-20216
                                       Honorable Victoria A. Roberts

CURTIS WOOD,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF No. 253]

**I. INTRODUCTION**

The government charges Curtis Wood ("Wood") and Deviunda Morris ("Morris") with conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and (o).

Wood moves to dismiss this charge. [ECF No. 253].

The Court **DENIES** Wood's motion.

**II. DISCUSSION**

This is a conspiracy case. The jury need not find that Wood himself ever possessed a firearm in furtherance of a drug crime; it would be sufficient to find that he was part of an agreement to do so. *United States v. Santos-Rivera*, 726 F.3d 17, 25 (1st Cir. 2013) ("Where a defendant is charged under 18 U.S.C. § 924(o ) "the jury [does] not even need to find

that [the defendant] himself ever used or possessed a firearm in furtherance of the drug conspiracy. It would be sufficient to find that he was part of an agreement to do so.").

The government targeted three homes associated with Wood for surveillance. One of those houses is on Ethel Street and is owned by Morris' parents. Morris used the spare bedroom and had keys to the house which allowed her to come and go as she pleased. Morris is Wood's girlfriend/common law wife. Surveillance and wiretap evidence demonstrates that Wood directed people to drop off money for drug purchases at the Ethel house on at least two occasions.

A search warrant indicates Wood used the Ethel house to store drug proceeds. Indeed, agents recovered nearly $150,000 in cash when executing the search warrant. The cash was found in two different rooms. Morris' parents said they had no idea there was that much money in their home. The search also returned a rifle. The government says the rifle was found in the bedroom Morris used; Morris' father submitted an affidavit saying he kept the rifle in his closet.

Wood relies on the factors in *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001), to say the Court should dismiss the firearm charge because there is not a sufficient nexus between the gun, drugs, and Wood.

The government says a pretrial motion to dismiss cannot be based on sufficiency of evidence because such a motion raises factual issues that should be left for the jury. It also says there might be additional evidence in the form of cooperator testimony. The government says the Court must deny Wood's motion because it asks the Court to evaluate the sufficiency of evidence and find facts that make up elements of the case.

The government is correct. *See United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based."); *United States v. Cumberland Wood & Chair Corp.*, 978 F.2d 1259 (6th Cir. 1992) ("[I]f a defendant's pretrial motion requires the court to find facts that make up the elements of the case which would normally be reserved to the jury on trial of the general issue, the motion should be denied."); *United States v. Powell*, 823 F.2d 996, 1000-01 (6th Cir.1987) (an indictment is not subject to dismissal on the basis that the evidence supporting it is insufficient).

While there is evidence that Wood may not have been a welcome or frequent visitor to the Ethel Street home (e.g., Morris' father had a PPO against him), his coconspirator girlfriend/wife was. Morris had a key to come and go as she pleased and could access any room. The government indicates the gun was found in the room she used, and Wood directed people to bring money there.

3

While the mere "possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a § 924(c) conviction," *Mackey*, 265 F.3d at 462, other circumstantial evidence is sufficient at this juncture, although it does not assuage all doubt. But the government does not have to do that now.

Courts are instructed to consider the six *Mackey* factors in determining sufficiency of evidence. These factors include: whether the gun "was strategically located so that it [was] quickly and easily available for use", whether it "was loaded," "the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Mackey*, 265 F.3d at 462.

The Sixth Circuit recently clarified that the "strategically located" consideration must not be overweighted in the context of all of the factors. *See United States v. Maya*, 966 F.3d 493, 501-02 (6th Cir. 2020). *Maya* acknowledged the Circuit has sent "mixed signals" on this. See *id.* at 501 (collecting cases) (listing three Sixth Circuit cases which suggest the firearm "must be" readily available and two Sixth Circuit cases which suggest that the "strategically located" factor – like the other factors – is "a 'non-exclusive' data point to help answer the ultimate question"). As *Maya* clarifies, that the firearm be "strategically located" is not an absolute

4

mandate. *Id.* at 501-02 (explaining that "if a drug dealer told an accomplice that he owned a gun to assist with his drug dealing but kept it in a locked safe only for transactions gone really awry, that location would not alter the fact that the defendant possessed the gun to aid his drug trafficking").

To do as Wood suggests would require the Court to conduct a mini-trial: the Court would have to evaluate evidence produced to date and evidence that might come – much of which is conflicting. This is prohibited.

What is important is that the Court finds that there was sufficient evidence for the government to indict Wood and Morris as conspirators to possess a firearm in furtherance of drug trafficking.

Since the indictment is valid on its face and there was sufficient evidence to indict Wood and Morris on the § 924(c) conspiracy charge, Wood has no legal basis to argue that the Court must dismiss the firearm charge for insufficient evidence. A ruling in his favor would not withstand appellate scrutiny.

## III. CONCLUSION

The Court **DENIES** Wood's motion to dismiss [ECF No. 253].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 6, 2021